FEICK v. STEPHENS et al.

In re SANDUSKY AUTO PARTS & MOTOR TRUCK CO.

(Circuit Court of Appeals, Sixth Circuit.    April 8, 1918.)

No. 3091.

BANKRUPTCY ⬉ 440—"CONTROVERIES ARISING IN BANKRUPTCY PROCEEDINGS" —REVIEW.

Where, on a petition by the trustee to sell the property of the bankrupt, a lien claimant filed an intervening petition asserting the priority of his lien over a deed of trust and the trustee under the trust deed filed an answer, the question of priorities thus raised was a controversy arising in a proceeding in bankruptcy and therefore reviewable only by appeal under Bankr. Act July 1, 1898, c. 541, § 24a, 30 Stat. 553 (Comp. St. 1916, § 9608).

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Controversy Arising in Bankruptcy Proceeding.]

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

In the matter of the bankruptcy of the Sandusky Auto Parts & Motor Truck Company. Petition by Edward S. Stephens, as trustee, and another, for the sale of property of the bankrupt, in which George Feick filed an intervening petition. There was judgment denying the intervening petition, and intervener brings error. Writ dismissed.

Malcolm Kelly, George E. Reiter, and H. L. Peeke, all of Sandusky, Ohio, for plaintiff in error.

John F. Hertlein, of Sandusky, Ohio (King & Ramsey, of Sandusky, Ohio, of counsel), for defendant in error Stephens.

Healy, Ferris & McAvoy, of Cincinnati, Ohio, for defendant in error Union Sav. Bank & Trust Co.

Before KNAPPEN, MACK, and DENISON, Circuit Judges.

MACK, Circuit Judge. In case No. 3092 (250 Fed. 185), we have this day decided the merits of the matters sought to be brought here for review by writ of error. The question of the validity of an alleged mechanic's lien on a bankrupt's property and its priority, if valid, over the lien of a trust deed in the nature of a mortgage raised by what was properly treated by the parties as an intervening petition of the lien claimant to establish his lien and the answers thereto of the trustee in bankruptcy and the trustee under the trust deed, involves a controversy arising in a proceeding in bankruptcy. It is therefore reviewable only by appeal under section 24a of the Bankruptcy Act. Houghten v. Burden, 228 U. S. 161, 33 Sup. Ct. 491, 57 L. Ed. 780.

Writ of error dismissed.